IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | CIVIL NO. 13-00368 JMS-KSC |
| | ) | |
| Plaintiff, | ) | ORDER (1) GRANTING |
| | ) | PLAINTIFF WELLS FARGO |
| vs. | ) | BANK, N.A.'S MOTION TO |
| | ) | REMAND ACTION REMOVED |
| REYNE A. RAMIRO; JEAN R. | ) | FROM THE CIRCUIT COURT OF |
| RAMIRO; RUDOLFO VILLARUZ | ) | THE FIRST CIRCUIT, STATE OF |
| ETRATA, TRUSTEE OF THAT | ) | HAWAII, DOC. NO. 8; |
| CERTAIN UNRECORDED RUDOLFO | ) | (2) GRANTING PLAINTIFF'S |
| VILLACRUZ ETRATA SELF | ) | REQUEST FOR ATTORNEY'S |
| TRUSTEED TRUST, DATED | ) | FEES; AND (3) DENYING |
| JANUARY 14, 1993; EMERITA | ) | PLAINTIFF'S REQUEST FOR |
| ESCALONA ETRATA, TRUSTEE OF | ) | SANCTIONS |
| THAT CERTAIN UNRECORDED | ) | |
| EMERITA ESCALONA ETRATA | ) | |
| SELF TRUSTEED TRUST, DATED | ) | |
| JANUARY 14, 1993; and DOES 1 | ) | |
| through 20, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER (1) GRANTING PLAINTIFF WELLS FARGO BANK, N.A.'S
MOTION TO REMAND ACTION REMOVED FROM THE CIRCUIT
COURT OF THE FIRST CIRCUIT, STATE OF HAWAII, DOC. NO. 8;
(2) GRANTING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES; AND
(3) DENYING PLAINTIFF'S REQUEST FOR SANCTIONS**

## I.  INTRODUCTION

On June 27, 2012, Plaintiff Wells Fargo Bank, N.A. ("Plaintiff") filed

an action in the Circuit Court of the First Circuit, State of Hawaii ("state court") to

foreclose on a mortgage against Reyne A. Ramiro and Jean R. Ramiro (the

"Ramiros"), and Rudolfo Villaruz Etrata, Trustee of that Certain Unrecorded

Rudolfo Villacruz Etrata Self Trusteed Trust, dated January 14, 1993, and Emerita

Escalona Etrata, Trustee of that Certain Unrecorded Emerita Escalona Etrata Self

Trusteed Trust, dated January 14, 1993 ("Etrata Trustees") (collectively

"Defendants").  On September 1, 2012, service of the Summons and Complaint

was effectuated on the Ramiros.[1]  *See* Doc. No. 8, Pl.'s Ex. A.  On October 5,

2012, the state court entered default against the Ramiros.  *See* Doc. No. 8, Pl.'s

Mem. In Supp., at 3.  On July 24, 2013 -- the same day the state court was set to

hear Plaintiff's Motion for Summary Judgment -- the Ramiros removed the action

to this court.

Currently before the court is Plaintiff's August 21, 2013 Motion to

Remand Action Removed from the Circuit Court of the First Circuit, State of

Hawaii ("Motion to Remand").  Doc. No. 8.  Plaintiff argues that this improper

removal warrants remand, that Plaintiff is entitled to attorney's fees, and that the

Ramiros' counsel, Mr. Roger Y. Dewa, should be sanctioned for violating the

Hawaii Rules of Professional Conduct and Federal Rule of Civil Procedure 11.

---

[1]  The Etrata Trustees, represented by counsel, participated in the state action.  *See*
Hawaii State Judiciary Hoʻohiki System,
http://hoohiki1.courts.state.hi.us/DSEnter.jsp?selectsequence=8 (last visited Sept. 13, 2013).

The court decides this Motion without a hearing pursuant to Local Rule 7.2(d).

For the following reasons, the court GRANTS the Motion to Remand, GRANTS

the request for attorney's fees, and DENIES the request for sanctions.

## II. DISCUSSION

### A. The Motion to Remand

Plaintiff argues that this action should be remanded because the

Ramiros failed to comply with 28 U.S.C. § 1446(b), which requires the notice of

removal to be filed within thirty days after receipt of Plaintiff's Complaint.[2]

Specifically, section 1446(b) provides:

> The notice of removal of a civil action or proceeding
> shall be filed within 30 days after the receipt by the
> defendant, through service or otherwise, of a copy of the
> pleadings setting forth the claim for relief upon which
> such action or proceeding is based, or within 30 days
> after the service of summons upon the defendant if such
> initial pleading has then been filed in court and is not
> required to be served on the defendant, whichever period
> is shorter.

---

[2] Plaintiff also argues that the Ramiros failed to comply with 28 U.S.C. § 1446(a), which requires that a notice of removal "contain a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." The Ramiros failed to include all state court pleadings and process with the notice of removal. Although this oversight is contrary to the rules, it is not a jurisdictional defect. *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009) (holding that "the failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect"); *see also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3733 (2008).

This action was filed in state court on June 27, 2012.  The Ramiros were served on

September 1, 2012, but did not remove the action until July 24, 2013.  Because the

Ramiros waited more than nine months after being properly served, their removal

is untimely.  And although the Ramiros assert that service was improper in their

Notice of Removal, *see* Doc. No. 1, Defs.' Notice of Removal, at 2, they have

come forward with no evidence to rebut the Certificates of Service establishing

proper service on September 1, 2012.  *See* Doc. No. 8, Pl.'s Ex. A.  Indeed, the

Ramiros do not even address this issue in their Opposition -- their bare assertion

that service was improper is not sufficient to overcome the "strong presumption"

against removal jurisdiction.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

1992); *see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d

1209, 1213 (9th Cir. 1998).

In further opposition, the Ramiros argue that Plaintiff has somehow

used its "superior resources" to deny them due process in state court.  Doc. No. 13,

Defs.' Opp'n, at 3-4.  Regardless of the parties' respective resources, this argument

fails to explain why the Ramiros did not timely remove.[3]  The court therefore

---

[3]  The Ramiros also argue that they have several valid federal law claims.  Doc. No. 13, Defs.' Opp'n, at 4-5.  This argument ignores that "[r]emovability cannot be created by defendant pleading a counter-claim presenting a federal question . . . ." *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) (quoting *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir. 1975)); *see also The Holmes Grp. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002).

4

GRANTS the Motion to Remand.

**B.     The Request for Attorney's Fees**

Plaintiff seeks an award of attorney's fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness of the removal."  *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin*, 546 U.S. at 141.

Here, the Ramiros lacked an objectively reasonable basis for removal. The Ramiros were properly served on September 1, 2012, waited over nine months to remove the action, and now fail to raise any arguable basis for proper removal. Rather, it appears that this improper removal served only to delay resolution of the state action.  *See id.* at 140 ("The process of removing a case to federal court and then having it remanded to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources.").  Because the

Ramiros lacked an objectively reasonable basis for seeking removal, awarding attorney's fees and costs to the Plaintiff is appropriate.  Plaintiff shall submit a Declaration in conformance with Local Rule 54.3 setting forth the fees reasonably incurred in this removal by October 9, 2013.  If the Ramiros dispute the reasonableness of the requested fees, they may file an opposition by October 23, 2013.

## C.      The Request for Sanctions

Plaintiff argues that Defendants' counsel has violated the Hawaii Rules of Professional Conduct (HRPC) and Federal Rule of Civil Procedure (FRCP) 11 by failing to conduct any investigation as to his clients' claims and by providing his clients with "ghost pleadings" to file *pro se* before he made an appearance.  These are serious allegations of unethical conduct, and the court warns Mr. Dewa that any violation of the HRPC or FRCP 11 may result in appropriate sanctions.  The court, however, declines to make a determination that Mr. Dewa should be sanctioned at this time based on the record presented here.

## III.  <u>CONCLUSION</u>

For the reasons stated above, the court GRANTS Plaintiff's Motion to Remand and REMANDS this action to the Circuit Court of the First Circuit, State of Hawaii.  The court GRANTS Plaintiff's request for attorney's fees and directs

Plaintiff to submit a Declaration in conformance with Local Rule 54.3 setting forth the fees incurred in this removal by October 9, 2013.  If the Ramiros dispute the reasonableness of the requested fees, they may file an opposition by October 23, 2013.  The court DENIES the request for sanctions.  The Clerk of Court is directed to close this action.

> IT IS SO ORDERED.

> DATED:  Honolulu, Hawaii, September 24, 2013.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Wells Fargo Bank, N.A. v. Reyne A. Ramiro et al.*, Civ. No. 13-00368 JMS-KSC, Order
(1) Granting Plaintiff Wells Fargo Bank, N.A.'s Motion to Remand Action Removed from the
Circuit Court of the First Circuit, State of Hawaii, Doc. No. 8; (2) Granting Plaintiff's Request
for Attorney's Fees; and (3) Denying Plaintiff's Request for Sanctions